UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 1:09-cr-0113-SEB-MJD-1 |
| ) | |
| EVERETT CURTIS HARDING, ) | |
| ) | |
| Defendant. ) | |

## Magistrate Judge's Report and Recommendation

This matter is before the undersigned according to the Order entered by the Honorable Sarah Evans Barker, directing the duty magistrate judge to conduct a hearing on the Petition for Warrant or Summons for Offender Under Supervision ("Petition") filed on June 21, 2015, and to submit proposed Findings of Facts and Recommendations for disposition under 18 U.S.C. §§ 3401(i) and 3583(e). Proceedings were held on July 28, 2015, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

On July 28, 2015, defendant Everett Curtis Harding appeared in person with his appointed counsel, Michael Donahoe. The government appeared by Nicholas Linder, Assistant United States Attorney. The United States Probation Office ("USPO") appeared by Officer Ross Carothers.

---

[1] All proceedings were recorded by suitable sound recording equipment unless otherwise noted. *See* 18 U.S.C. § 3401(e).

The court conducted the following procedures in accordance with *Federal Rule of Criminal Procedure* 32.1(a)(1) and 18 U.S.C. § 3583:

1. The court advised Mr. Harding of his right to remain silent, his right to counsel, and his right to be advised of the charges against him. The court asked Mr. Harding questions to ensure that he had the ability to understand the proceedings and his rights.

2. A copy of the Petition was provided to Mr. Harding and his counsel, who informed the court they had reviewed the Petition and that Mr. Harding understood the violations alleged. Mr. Harding waived further reading of the Petition.

3. The court advised Mr. Harding of his right to a preliminary hearing and its purpose in regard to the alleged violations of his supervised release specified in the Petition. Mr. Harding was advised of the rights he would have at a preliminary hearing. Mr. Harding stated that he wished to waive his right to a preliminary hearing.

4. Mr. Harding stipulated that there is a basis in fact to hold him on the specifications of violations of supervised release as set forth in the Petition. Mr. Harding executed a written waiver of the preliminary hearing, which the court accepted.

5. The court advised Mr. Harding of his right to a hearing on the Petition and of his rights in connection with a hearing. The court specifically advised him that at a hearing, he would have the right to present evidence, to cross-examine any witnesses presented by the United States, and to question witnesses against him unless the court determined that the interests of justice did not require a witness to appear.

6. Mr. Harding, by counsel, stipulated that he committed Violation Numbers 1 through 4 set forth in the Petitions as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall not commit another federal, state or local crime."** |

On June 22, 2012, the offender was arrested for Patronizing a Prostitute, a class A misdemeanor, in Marion County, Indiana. According to the police report, he solicited an undercover police officer for oral sex. In July 2012, he signed an Agreement to Withhold Prosecution. According to the agreement, he must pay $384 in fees, submit to AIDS testing and risk counseling, and refrain from any crimes for two years. The Court was notified of the non-compliance on September 19, 2012.

| | |
|---|---|
| 2 | **"The defendant shall not commit another federal, state or local crime."** |
| 3 | **"The defendant shall not unlawfully possess a controlled substance."** |
| 4 | **"The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered."** |

On March 22, 2013, the offender was arrested in Morgan County, Indiana, and subsequently charged with Dealing in Cocaine, Possession of Cocaine, Possession of Methamphetamine, Possession of Marijuana, and Possession of Paraphernalia. According to the police report, the offender was walking along State Road 37 when an Indiana State Police Trooper stopped to assist him. The offender asked for a ride because his vehicle broke down. He was very nervous and kept putting his hands in his pockets. The trooper searched the offender and located marijuana (57 grams), two bags of cocaine (4 grams), one bag of methamphetamine (1 gram), a digital scale, and $1,644.00. The matter remains pending.

7. The court placed Mr. Harding under oath and directly inquired of Mr. Harding whether he admitted violations 1 through 4 of his supervised release set forth above. Mr. Harding admitted the violations as set forth above.

8. The parties and the USPO further stipulated that:

   (a) The highest grade of Violation (Violation 1) is a Grade A violation (U.S.S.G. § 7B1.1(a)(2)).

   (b) Mr. Harding's criminal history category is VI.

   (c) The range of imprisonment applicable upon revocation of Mr. Harding's supervised release, therefore, is 24 months' imprisonment. (*See* U.S.S.G. § 7B1.4(a).)

  9. The parties jointly recommended a sentence of six (6) months to be served in the Federal Bureau of Prisons. Upon release, the defendant will reside at a Residential Reentry Center for 6 months, followed by one (1) year of supervised release. The defendant requested placement at FCI Terre Haute.

  The Court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and position of each party and the USPO, **NOW FINDS** that the defendant, EVERETT CURTIS HARDING, violated the above-specified conditions in the Petition and that his supervised release should be and therefore is **REVOKED**, and he is sentenced to the custody of the Attorney General or his designee for a period of six (6) months. Upon release, the defendant will reside at a Residential Reentry Center for 6 months, followed by one (1) year of supervised release. The defendant is to be taken into immediate custody pending the district court's action on this Report and Recommendation. The Court recommends placement at FCI Terre Haute.

  Counsel for the parties and Mr. Harding stipulated in open court waiver of the following:

  1. Notice of the filing of the Magistrate Judge's Report and Recommendation;

  2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B) and (C); and, Federal Rules of Criminal Procedure 59(b)(2).

  Counsel for the parties and Mr. Harding entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561 *et seq.* and Rule 32.1 of the Federal Rules of Criminal Procedure and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of

any portion of the Report or specified proposed findings or recommendation upon which she may reconsider.

WHEREFORE, the magistrate judge **RECOMMENDS** the court adopt the above recommendation revoking Mr. Harding's supervised release, imposing a sentence of imprisonment of six (6) months.  Upon release, the defendant will reside at a Residential Reentry Center for 6 months, followed by one (1) year of supervised release.  The defendant is to be taken into immediate custody pending the district court's action on this Report and Recommendation.  The Court recommends placement at FCI Terre Haute.

IT IS SO RECOMMENDED.


Date:  August 6, 2015

_Debra McVicker Lynch_
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana




Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office, United States Marshal